IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLEN XIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3072-L-BN |
| | § | |
| LINA T. RAMEY AND ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Ellen Xia brings *pro se* claims of race and sex discrimination and retaliation against her former employer, Defendant Lina T. Ramey and Associates (LTRA). *See* Dkt. Nos. 3, 9. Because Xia also moved for leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 5, United States District Judge Sam A. Lindsay referred Xia's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Under the provisions of 28 U.S.C. § 1915, the Court granted Xia leave to proceed IFP in this Court until judgment is entered. *See* Dkt. No. 7. And, after Xia amended her claims through verified answers to a screening questionnaire, *see* Dkt. Nos. 8, 9, the Court denied her December 9, 2021 motion to appoint counsel [Dkt. No. 6] but, under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), directed the Clerk of Court to issues a summons based on the address Xia provided and the United States Marshal Service to serve process, *see* Dkt. No. 10; *see also* Dkt. Nos. 11, 12, 14.

On February 1, 2022, LTRA moved to dismiss Xia's complaint under Federal Rule of Civil Procedure 12(b)(5), challenging the method of service attempted by the Marshal – specifically that "[t]he return of service indicates that process was served on 'Kaylee' and '[a]n employee witnessed paperwork on desk'" but that "Kaylee is not a director, officer, president, vice president, or someone with authority to accept service of process on behalf of [LTRA]." Dkt. No. 15 (quoting Dkt. No. 14); *see also* FED. R. CIV. P. 4(h)(1).

Considering the posture of this proceeding, the undersigned elected not to require briefing on this motion to dismiss, including a response from Xia. Not considering a response does not prejudice Xia given the disposition recommended below. But either side may still file objections as explained at the end of these findings, conclusions, and recommendation.

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Both Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) "challenge the sufficiency of service of the summons and complaint." *Bernard v. Grefer*, Civ. A. No.

14-887, 2015 WL 13532582, at *1 (E.D. La. Mar. 17, 2015). "Rule 12(b)(4) challenges the form of the process and the contents of the summons, specifically its noncompliance with Rule 4(b)," *id.* (citing *Gartin v. Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (citing, in turn, 5B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353)), while Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint," *Naranjo*, 679 F. Supp. 2d at 795 (quoting *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)).

A motion under Rule 12(b)(5) "turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam); *see also Raburn v. Dae Woo, Inc.*, No. 3:09-cv-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) ("A 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons." (citing *Tinsley v. Comm'r of Internal Revenue Serv.*, No. 3:96-cv-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998))).

Usually, "[o]nce the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. And a plaintiff's *pro se* status will not excuse any failure to properly effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.

1990).

But, under Rule 4(c)(3) and Section 1915(d), a plaintiff proceeding IFP – like Xia is here –

> is entitled to rely on the United States Marshal and officers of the Court for service of the summons and complaint. If the necessary information has been provided, the plaintiff will not be penalized with dismissal of the case when service fails because the Marshal or Clerk's office does not perform the duties specified by the rule and statute. *See Counce v. Wolting*, No. 13-3199-JTM, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) and *Puett v. Blandford*, 912 F.2d 270, 273-75 (9th Cir. 1990), *abrogated on other grounds, Sandin v. Connor*, 515 U.S. 472 (1995)). In this regard, one court has explained, "[g]iven that Connolly is a *pro se* plaintiff proceeding *in forma pauperis*, he will not be held responsible for the mistakes of the United States Marshal who [e]ffected improper service of process because those technical errors were harmless." *Connolly v. Shaw's Supermarkets*, 355 F. Supp. 3d 9, 16-17 (D. Mass. 2018) (citing *Rochon v. Dawson*, 828 F.2d at 1107, 1110 (5th Cir. 1987) (holding a "plaintiff proceeding in forma pauperis is entitled to rely upon service by the United States Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant") and *Richardson v. Downing*, 209 F.R.D. 283, 284 (D. Mass. 2002)).
>
> In such instances, courts recognize that the Plaintiff's claims should not be subject to dismissal, but instead that measures be taken to either re-issue summons and re-authorize service by the officers of the Court, or ask the defendant to waive the insufficient service issues and agree to waiver of service of summons under Federal Rule of Civil Procedure 4(d). *See Kaminsky v. Wake Forest Univ. Baptist Med. Center*, No. 1:08-cv-882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) ("[T]he court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis*. Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all Defendants properly before the Court in accordance with Rule 4(c)(3)"); *see also Counce*, 2017 WL 661583, at *3 (noting that if Plaintiff has provided the necessary information, and the failure was due to the Marshal's inadequate service, such arguments "present, at most, an opportunity to correct a mistake for which the plaintiff is not accountable.").

*Cordova v. Cuendiz*, No. 4:20-cv-1198-O, 2021 WL 5323762, at *2-*3 (N.D. Tex. Nov. 16, 2021).

The basis to dismiss the complaint under Rule 12(b)(5) is due to the Marshal's allegedly inadequate service. Because this alleged shortcoming may not be traced to Xia, LTRA's motion to dismiss should be denied. Even so, the undersigned appreciates LTRA's statement that, "[i]f the Court is not inclined to dismiss [the complaint] or require alternative proper service, [LTRA] is agreeable to waiving service of process [under Rule 4(d)] upon a request by [Xia]." Dkt. No. 15 at 2 n.2. Accordingly, if Judge Lindsay accepts these findings, conclusions, and recommendation, the efficient proceeding of this case would benefit if LTRA voluntarily waives service under Rule 4(d) and, after conferring with Xia, moves the Court to set a deadline for it to respond to the complaint.

**Recommendation**

The Court should deny Defendant Lina T. Ramey and Associates's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 2, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE