IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLEN XIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3072-L-BN |
| | § | |
| LINA T. RAMEY AND ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

**ORDER SETTING DEADLINE TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, TERMINATING MOTION, WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION, AND REGARDING THE COURT'S EXPECTATIONS**

Plaintiff Ellen Xia brings *pro se* claims of race and sex discrimination and retaliation against her former employer, Defendant Lina T. Ramey and Associates (LTRA). *See* Dkt. Nos. 3, 9. Because Xia also moved for leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 5, United States District Judge Sam A. Lindsay referred Xia's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Under the provisions of 28 U.S.C. § 1915, the Court granted Xia leave to proceed IFP in this Court until judgment is entered. *See* Dkt. No. 7. After Xia amended her claims through verified answers to a screening questionnaire, *see* Dkt. Nos. 8, 9, the Court, under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), directed the Clerk of Court to issues a summons and the United States Marshal Service to serve process, *see* Dkt. No. 10; *see also* Dkt. Nos. 11, 12, 14.

On February 1, 2022, LTRA moved to dismiss Xia's complaint under Federal

Rule of Civil Procedure 12(b)(5), challenging the method of service attempted by the Marshal. *See* Dkt. No. 15; FED. R. CIV. P. 4(h)(1).

The undersigned recommended that the Court deny the motion the next day. *See* Dkt. No. 16.

On February 10, 2022, LTRA notified the Court that is waiving service under Federal Rule of Civil Procedure 4(d) and that it therefore withdraws its motion to dismiss and that within 60 days of February 1, 2021 – the date on the "FedEx package from [Xia] containing a form 'Notice of Lawsuit and Request for Waiver of Summons'" – it "will file an answer or motion under Rule 12." Dkt. No. 25.

Considering this notice and the record before the Court, the Court ORDERS LTRA to answer or otherwise respond to the complaint by **Monday, April 4, 2022**. *See* FED. R. CIV. P. 6(a)(1)(C).

Further, based on LTRA's notice, the Clerk of Court shall TERMINATE the motion to dismiss [Dkt. No. 15], and the undersigned WITHDRAWS the February 2, 2022 findings, conclusions, and recommendation [Dkt. No. 16].

The Court also reminds Xia that, as is her right, she has chosen to prosecute this action without an attorney and that, through this decision, she has undertaken certain responsibilities, including: (1) that she be aware of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders); (2) that she timely comply with any order issued by this Court; and (3) that she cooperate with counsel for other parties

and participants. And the Court expects that, throughout these proceedings, both Xia and counsel for other parties or participants will be courteous, cooperative, and professional and, likewise, will communicate in a timely manner. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF). In sum, although Xia is not a lawyer, she must prosecute this action in a manner that does not unduly burden the Court, the other parties or participants, or their counsel.

SO ORDERED.

DATED: February 11, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE