IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELLEN XIA,                           §
                                     §
            Plaintiff,               §
                                     §
V.                                   §        No. 3:21-cv-3072-L-BN
                                     §
LINA T. RAMEY AND ASSOCIATES,        §
ET AL.,                              §
                                     §
            Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ellen Xia filed this action *pro se* against her former employer, Defendant Lina T. Ramey and Associates (LTRA), and appears to add LTRA employee William Martinez as a defendant (collectively Defendants). *See* Dkt. Nos. 3, 9, 35, 37-40. United States District Judge Sam A. Lindsay referred Xia's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendants now move to dismiss Xia's claims as amended with prejudice. *See* Dkt. Nos. 43, 44. Xia responded and moved to "clarify and remove the filing of the second amended complaint" under Federal Rule of Civil Procedure 60(a). *See* Dkt. Nos. 45, 47, 49. Defendants replied. *See* Dkt. No. 50. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant both motions and enter judgment dismissing this action with prejudice.

**Applicable Background**

Xia alleges employment discrimination based on sex, race, status, and a hostile

working environment, and she asserts additional claims related to her H-1B visa, *see* Dkt. No. 3; she then amended her allegations through verified responses to the Court's screening questionnaire, *see* Dkt. No. 9 (the Original Complaint). LTRA moved to dismiss the Original Complaint. *See* Dkt. Nos. 32, 33. Xia responded by moving for leave to amend her complaint. *See* Dkt. No. 35.

And, after LTRA notified the Court that it did not oppose Xia's motion for leave, *see* Dkt. No. 36, the Court construed LTRA's notice as its written consent under Federal Rule of Civil Procedure 15(a)(2) and directed that Xia's entire motion for leave [Dkt. No. 35] be docketed as her First Amended Complaint (the FAC), *see* Dkt. Nos. 37, 38.

Eight days later, Xia filed a Second Amended Complaint (the SAC) but neither moved for leave nor obtained LTRA's written consent. *See* Dkt. No. 39. Considering her *pro se* status, the Court nevertheless allowed this amendment through an order entered on May 23, 2022, which further directed Xia to make no further amendments unless allowed by order of the Court. *See* Dkt. No. 40.

Defendants moved to dismiss the SAC. *See* Dkt. Nos. 43, 44. Xia responded (but just to argue that Martinez should be joined under Federal Rule of Civil Procedure 19). *See* Dkt. No. 45. She then moved to "clarify and remove the filing of the second amended complaint" under Federal Rule of Civil Procedure 60. Dkt. No. 49. And Defendants replied. *See* Dkt. No. 50.

## Discussion

I.    **The Court should construe Xia's Rule 60(a) motion as one under Federal Rule of Civil Procedure 54(b) and grant it to the extent**

> **that the undersigned has liberally construed her filings and therefore reviewed the factual allegations in both the FAC and the SAC while considering LTRA's motion to dismiss.**

Xia explains that she did not intend to supersede the FAC when she filed Dkt. No. 39 and that this filing was instead made to "add[] some evidence" to the FAC and to reflect her attempt to serve the FAC on Defendants and therefore moves the Court to correct its May 23 order as a clerical error under Federal Rule of Civil Procedure 60(a). Dkt. No. 49.

Rule 60(a) authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a).

> "To be correctable under Rule 60(a), the 'mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; missteps involving substantive legal reasoning are not…. In short, "A Rule 60(a) motion 'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'"

*Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193-94 (5th Cir. 2011) (footnotes omitted).

Defendants correctly conclude that, for these reasons, Rule 60(a) cannot apply to the May 23 order. But Rule 60(a) does not apply for at least one other reason: the May 23 order was an interlocutory, not a final, order. And "Rule 60(a) is an improper vehicle to substantively reconsider an interlocutory order." *Encompass Office Solutions, Inc. v. La. Health Serv. & Indem. Co.*, No. 3:11-cv-1471-P, 2014 WL 12980010, at *1 n.1 (N.D. Tex. Apr. 29, 2014) (citing *Rivera*, 647 F.3d at 193-94).

Even so, Rule 54(b) "authorizes the district court to 'revise[ ] at any time' 'any

order or other decision ... that does not end the action.'" *Taylor v. Denka Performance Elastomer LLC*, Civ. A. No. 17-7668, 2018 WL 1010186, at *2 (E.D. La. Feb. 22, 2018) (quoting FED. R. CIV. P. 54(b); citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)); *see also Dall. Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) ("'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court,'" which should "determine 'whether reconsideration is necessary under the circumstances.'" (citations omitted)).

The "flexible" nature of Rule 54(b) therefore "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory [orders] as justice requires.'" *Austin*, 864 F.3d at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). *Cf. Encompass Office Solutions*, 2014 WL 12980010, at *1 n.1 (construing improper Rule 60(a) motion as one under Rule 54(b) "in the interest of efficiency and justice").

Because Defendants' briefing as to the dismissal of Xia's claims considered the

allegations in both the FAC and the SAC, which Defendants describe as "nearly identical," Dkt. No. 50 at 5, the undersigned finds that, given Xia's *pro se* status and the requirements of justice, the Court should grant her motion [Dkt. No. 49] under Rule 54(b) to the extent that the undersigned has reviewed the factual allegations in both the FAC and the SAC while considering the motion to dismiss.

## II.    The Court should dismiss Xia's claims with prejudice.

### A.    Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555; *see also Sewell*, 974 F.3d at 582 ("Although this framework is one-sided, the issue 'is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997))).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, Fed. R. Civ. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson*, 574

U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.")).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted),

a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not

articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

### B.    Martinez

Insofar as Xia brings claims against Martinez, she makes no allegation that could give rise to his individual liability.

Specific to Xia's employment discrimination claims, "Title VII does not impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d

649, 653 (5th Cir. 1994)). The Fifth Circuit has "repeatedly rejected any individual liability under Title VII." *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) (per curiam). And Xia does not otherwise allege that Martinez was her statutory employer.

As to the remaining claims, if asserted against Martinez, they should be dismissed for the same reasons they fail as to LTRA.

### C.    LTRA

Initially, Xia failed to substantively respond to the motion to dismiss. Defendants therefore argue that she has abandoned her claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that, where a plaintiff "failed to defend [a] claim in both responses to the defendant's motion to dismiss," the "failure to pursue [the] claim beyond her complaint constituted abandonment" (citing *Vela v. City of Hous.*, 276 F.3d 659, 679 (5th Cir. 2001))); *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court." (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003); citations omitted)).

Even if Xia has not abandoned her claims, she has failed to plausibly allege them, for the reasons set out below. *Cf. Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 17730574, at *4 (S.D. Tex. Aug. 31, 2022) ("Plaintiff fails to respond to Helfman Defendants' arguments for dismissal and has thus abandoned these claims. Nevertheless, given that Plaintiff is *pro se*, the Court briefly addresses

the claims and finds that none can survive the motion to dismiss." (citations omitted)).

And Xia's failure to substantively respond to the motion to dismiss further supports the dismissal of this lawsuit with prejudice at this juncture. *Cf. Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment')."

Liberally construed, Xia first asserts employment-related discrimination based on sex, race, status, and a hostile working environment. To plausibly allege (and ultimately prove) such claims requires that a plaintiff either rely on direct evidence of discrimination or alternatively proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper

criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Because Xia's allegations do not implicate direct evidence of discrimination, she must proceed under the applicable burden-shifting analysis and first articulate a prima facie case as to each cause of action.

The prima facie elements of discrimination are that a plaintiff

(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must ask whether Xia has alleged enough facts, accepted as true, to allege an actionable claim of employment discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

And, if she "has not pled such facts," it is "proper[ to] dismiss" this claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Putting aside alleged discrimination based on a hostile work environment for a moment – and even if the Court were to find that Xia has plausibly alleged that she is a qualified member of a protected group who suffered an adverse employment action – she has not plausibly alleged discriminatory intent by also alleging facts to support that a similarly-situated employee outside any of her claimed protected groups was treated less favorably.

LTRA does not dispute that it terminated Xia. But "suffering some penalty in employment is not enough. For [her termination] to constitute disparate treatment, [Xia] must have plausibly pled that [she] was treated worse than others for similar shortcomings, because of [her protected status]." *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (citing *Ricci v. DeStegano*, 557 U.S. 557, 577 (2009)); *see also id.* at *5 (To survive a Rule 12(b)(6) motion, alleged disparate treatment claims "must

plausibly set out facts that the 'defendant took the adverse employment action against a plaintiff *because of* her protected status.' [That is, a] plaintiff must allege 'facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably.'" (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*)).

In *Sanchez*, for example, the plaintiff not only alleged that coworkers and some supervisors directed derogatory terms toward him, he went on to allege "that his negative performance review was due to [his] overloading an aircraft and leaving cargo behind," and the complaint included facts to allege that a similarly-situated employee outside of his protected group was treated less favorably: "two pilots who allegedly overloaded an aircraft yet not received a negative performance review. One of these individuals listed is a white male and one is a Hispanic male. Sanchez similarly identifies white male pilots who, he says, made similar mistakes to those for which he was discharged and who suffered no negative consequences." 2021 WL 5513509, at *6.

Next, "[h]ostile work environment is a specific discrimination claim under Title VII." *Hudson v. Lincare, Inc.*, ___ F.4th ____, No. 22-50149, 2023 WL 240929, at *3 (5th Cir. Jan. 18, 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)). "When a 'workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated.'" *Id.*

(quoting *Harris*, 510 U.S. at 21 (quoting, in turn, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986))).

A required prima facie element of a claim of hostile work environment is that "the harassment complained of affected a term, condition, or privilege of employment." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399-400 (5th Cir. 2021) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). "To affect a term, condition, or privilege of employment, the harassing conduct 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc) (cleaned up; quoting *Aryain v. Wal-Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008)).

Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)).

This inquiry "requires that the court consider 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Johnson*, 7 F.4th at 400 (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.[1]

---

[1] *See also Russell v. Univ. of Tex. of Permian Basin*, 234 F. App'x 195, 205 (5th Cir. 2007) (per curiam) ("Sexual harassment affects a term, condition, or privilege of employment when it is 'severe or pervasive.' Furthermore, '[i]n order to

To show that she was subjected to a hostile work environment, Xia alleges that, on three occasions, her supervisor invited her to lunch; that her supervisor told her a "dirty" joke in front of a male coworker; that, at lunch on one occasion, her supervisor followed her in his truck; that, during a training she attended with a male coworker, her supervisor placed a telescope with a black hair on his desk and "winked at her"; that her supervisor hit her face with a telephone cable, asked if she watched cartoons, did not train her the same way that he trained other employees, and allowed her to copy another employee's work; and that other employees harassed her by: asking what kind of alcohol she drank because the employee was going to buy alcohol for the office, asking her (around the time the COVID-19 pandemic started) whether "Chinese people eat bats," looking at her clothes and shoes, discussing her work product, and micromanaging her work. *E.g.*, Dkt. No. 39-3.

As to the nonphysical allegations, accepted as true and reasonably observed, not one of them – nor all of them, in combination – equals the severity or pervasiveness required to affect a term, condition, or privilege of employment. At most, these nonphysical allegations are merely offensive utterances – such as the bat-eating comment. Or they do not unreasonably interfere with Xia's work performance

---

be actionable under Title VII, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.' Whether a work environment meets this standard 'depends on "all the circumstances," including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 482 (5th Cir. 2002))).

– such as the alleged wink.

Allegedly being hit by a supervisor with a telephone cable is more concerning. But Xia fails to include allegations as to the severity of this one-time occurrence or to plausibly allege that this incident was because of a protected status. *Cf. Marroquin v. City of Pasadena*, 524 F. Supp. 2d 857, 862-63 (S.D. Tex. 2007) ("Marroquin has successfully raised a fact issue on each of the four required elements of this claim. His national origin is Hispanic, a protected group under Title VII, and he has testified to unwelcome harassment in the form of physical and verbal abuse. Despite some equivocal deposition testimony regarding [his supervisor's] motivation for crotch-grabbing, his corroborated propensity for ethnic slurs (including at least one instance of crotch-grabbing accompanied by such a slur) is sufficient to warrant an inference that the abuse directed towards Marroquin was based on his national origin. Finally, as to the "severe or pervasive" element, there is enough summary judgment evidence to raise a fact issue on each of the *Harris* factors listed above: the physical abuse was frequent (20-25 occasions); severe, as the genital-grabbing was both painful and intrusive; physically threatening and humiliating, as opposed to mere verbal abuse; and unreasonably interfering with his job performance, having been assaulted on at least one occasion while welding with his hood on." (footnotes omitted)).

Xia further appears to assert a claim for promissory estoppel, alleging that she was offered help with transferring her H-1B visa to a green card. *See* Dkt. No. 39 at 1 (¶ 4); Dkt. No. 39-6.

"Under Texas law, a plaintiff alleging promissory estoppel must establish (1) a

promise; (2) foreseeability reliance thereon by the promisor; (3) substantial reliance thereon by the promisee." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1993)). "Texas courts have also established a fourth and separate requirement of a 'definite finding that injustice can be avoided only by the enforcement of the promise.'" *Savoy IBP 8, Ltd. v. Nucentrix Broadband Networks, Inc.*, 333 B.R. 114, 123-24 (N.D. Tex. 2005) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans*, 88 F.3d 347, 360 (5th Cir. 1996)). And "[t]he alleged promise must not be 'too vague and indefinite.'" *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 300 (5th Cir. 2010) (quoting *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 570 (Tex. App. – Dallas 1989, no writ); citations omitted).

The alleged promise to Xia is contained in the email she includes as an exhibit, *see Rogers*, 660 F. App'x at 285 n.6, and provides: LTRA "should be clear that we are not yet offering to pay for the expenses to transfer your H1B visa to a green card. We may be able to assist with this after a period of employment with us," Dkt. No. 39-6. This conditional promise is too vague and indefinite to allege a claim for promissory estoppel under Texas law. *See Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 305 (Tex. App. – Dallas 2009, no pet.) ("A promise must also be more than speculation of future events, a statement of hope, an expression of opinion, an expectation, or an assumption." (citation omitted)); *Bowman v. CitiMortgage Inc.*, No. 3:14-cv-4036-B, 2015 WL 4867746, at *9 (N.D. Tex. Aug. 12, 2015) ("[V]ague 'promises to assist' … are not actionable, definite promises upon which Plaintiffs could justifiably rely." (citations omitted)).

Similarly, Xia fails to allege a plausible claim of fraud under Texas law related to her H-1B status because she has not identified an ostensibly false statement made by LTRA. *See* Dkt. Nos. 39, 39-4, 39-5; *see also Elson v. Black*, ___ F.4th ____, No. 21-20349, 2023 WL 111317, at *4, *5 (5th Cir. Jan. 5, 2023) (Federal Rule of Civil Procedure 9(b) "'applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.' … Rule 9(b), in turn, demands 'the who, what, when, and where [to] be laid out before access to the discovery process is granted.' Plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368-69 (5th Cir. 2001), then *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178, 177 (5th Cir. 1997); citations and emphasis omitted)).

Any related claim for defamation she may make fails for substantially the same reason: Xia fails to identify an allegedly defamatory statement. *See, e.g.*, *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1153 (5th Cir. 2021) ("To plead defamation in federal court, a plaintiff generally must specify when and where the statement was published. Otherwise, the claim may be too vague to give adequate notice to the defendant of the claim he must contest." (citations omitted)).

Finally, to the extent that Xia brings a claim against LTRA under the H-1B statute itself, that claim too must be dismissed at this point, where Xia has not alleged exhaustion, because she has "no private right of action in the first instance

under [8 U.S.C.] § 1182(n), the subsection governing the H-1B program and providing procedures for enforcing its requirements." *Watson v. Elec. Data Sys.*, 191 F. App'x, 2006 WL 2051227, at *1 (5th Cir. July 24, 2006) (per curiam) (citations omitted); *see also Alves v. Masters Entm't Grp., LLC*, No. 3:07-CV-305-TS, 2008 WL 4452145, at *4 (N.D. Ind. Sept. 30, 2008) ("[T]he weight of authority on this matter strongly indicates there is no private right of action (absent exhaustion of administrative remedies, which the Plaintiff does not argue he did) for parties such as the Plaintiff in this case who believe their employer violated the terms of a visa agreement in violation of the INA. Therefore, this claim must be dismissed under Rule 12(b)(6).").

## Recommendation

The Court should grant Plaintiff Ellen Xia's motion under Federal Rule of Civil Procedure 60(a) [Dkt. No. 49] as made under Federal Rule of Civil Procedure 54(b) to the extent that, in considering Defendants' motion to dismiss Xia's claims as amended under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 43], the undersigned has reviewed both the First Amended Complaint and the Second Amended Complaint, and, after considering all her factual allegations, the Court should grant the motion to dismiss and dismiss Xia's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE