IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ELLEN XIA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-3072-L-BN** |
| § | |
| **LINA T. RAMEY AND ASSOCIATES,** § | |
| and **WILLIAM MARTINEZ**, § | |
| § | |
| Defendants. § | |

### ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 51) was entered on January 20, 2023, recommending that the court grant pro se Plaintiff Ellen Xia's ("Plaintiff" or "Ms. Xia") Motion to Clarify and Remove the Filing of Second Amended Complaint ("Motion to Clarify") (Doc. 49), and grant Defendant Lina T. Ramey and Associates ("Ramey") Second Motion to Dismiss (Doc. 43), dismissing with prejudice Plaintiff's claims against Ramey and Ramey's employee William Martinez (collectively, "Defendants"). Doc. 51.

Plaintiff filed Objections to the Report ("Objections") (Doc. 52) on February 2, 2023, which appear to make three substantive objections:[1] (1) that she did not intend that the Second Amended Complaint ("SAC") replace the First Amended Complaint ("FAC") or show abandonment of claims made in the FAC, and therefore the Report should not rely on the SAC to dismiss her claims; (2) the Report's recommendation to construe her Motion to Clarify as brought under Rule 54(b) rather than Rule 60(a) is an incorrect application of the Federal Rules of Civil

---

[1] The court notes that Plaintiff's Objections are difficult to follow and include extended case quotes from Sixth Circuit and Second Circuit opinions, and the California Civil Code, none of which are controlling precedent for this court. This court is only bound by rulings from the Fifth Circuit and the Supreme Court.

**Order – Page 1**

Procedure; and (3) the Report incorrectly determines Plaintiff's alleged facts as insufficient under Rule 8, and therefore should not grant Defendants' Motion to Dismiss under Rule 12(b)(6). *See* Doc. 52. The court will address each objection in turn.

First, Plaintiff argues that she did not intend for the SAC to supersede the FAC, and as the SAC presents "no material change, [P]laintiff did not [a]mend her claim." *Id*. at 1. She contends that the Report misunderstands the SAC because it does not use the "traditional tools of construction," citing Supreme Court opinion *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). *Id*. at 2. That case, however, addresses deference to commentary associated with agency regulations and is not applicable to the issues presented here. More to the point, the Report clearly states that the magistrate judge reviewed Plaintiff's factual allegations in both the FAC and SAC when considering the Motion to Dismiss. Doc. 51 at 5. The Report did not rely exclusively on the SAC, which is the bases for Plaintiff's objection. Accordingly, Plaintiff's objection to the Report's reference to the SAC is **overruled**.

Second, Plaintiff objects that the Report improperly construed her Motion to Clarify as one brought under Rule 54(b), rather than Rule 60. Doc. 52 at 6. She appears to argue that Rule 60's provision that allows reconsideration for "mistake, inadvertence, surprise, or excusable neglect" is the provision under which she must seek relief. Rule 60, however, is reserved for relief from final judgment. *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193-94 (5th Cir. 2011). Because Plaintiff seeks reconsideration of the court's acceptance of her SAC, which is not a final judgment, Rule 60 is not the proper vehicle. Rule 54(b)'s liberal provision that permits a court to reconsider "any order or other decision, however designated" is the correct rule for a party seeking reconsideration of an interlocutory order, that is, an order that is not a final judgment. Fed. R. Civ. P. 54(b); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Because Plaintiff's Motion to

Clarify sought reconsideration of an interlocutory order, Rule 54(b) was the proper vehicle, and the Report's recommendation is the correct application of the Federal Rules of Civil Procedure. Accordingly, the court **overrules** this objection.

Finally, Plaintiff objects to the Report's finding that she failed to set forth sufficient facts to plead her claims for sexual harassment, race discrimination, and fraud related to Defendant's alleged offer of assistance in converting her H1B visa into a green card. Doc. 52 at 7-9. She states that the Report misunderstood her claim for sex harassment as a hostile work environment claim, and under that mistaken understanding, the Report incorrectly recommended the court dismiss her claims for failure to state a claim upon which relief may be granted. *Id*. Plaintiff argues that "[w]hen [her] claims of sexual harassment are considered together, such allegations constitute a claim of the creation of a hostile work environment by the alleged sexual harassment of Defendants." *Id*. at 9. Although Plaintiff objects to the Report's characterization and analysis of her alleged work-based discrimination as a hostile work environment claim, she appears to assert that the totality of her claims as set forth sufficiently allege a hostile work environment. She repeats similar arguments related to her race discrimination and fraud claims, arguing that her filings have already satisfied the pleading standard. Plaintiff fails to set forth any new facts for the court to consider.

After a *de novo* review of Plaintiff's factual allegations in the Complaint, FAC, SAC, and responses to magistrate judge's questionnaire (Doc. 8), the court finds that she has not set forth sufficient facts to allege sex harassment, a hostile work environment, race discrimination, or fraud. Taking her allegations as true, as the court must when considering a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff has not alleged facts, if proven to be true, showing severe or pervasive behavior such that it interferes with a term, condition, or privilege of employment. *See Johnson v.*

**Order – Page 3**

*PRIDE Indus., Inc.*, 7 F.4th 392, 399-400 (5th Cir. 2021). Likewise, Plaintiff has failed to point to any similarly situated employees who are male or of other races who Defendants treated more favorably. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Thus, her allegations of sex or race-based discrimination fail to state a claim.

As to her claim for fraud for Defendants' failure to help her transfer her H1B visa to a green card as she contends was promised, she fails to allege that Defendants made a definite promise but rather asserts that Defendants made a statement regarding possible future aid. For these reasons, the court concludes that Plaintiff has not set forth sufficient facts to successfully plead the elements of fraud. Accordingly, for the reason stated, the court **overrules** Plaintiff's objection to the Report's recommendation to grant Defendants' Motion to Dismiss.

Having considered the Complaint, FAC, SAC, Plaintiff's responses to magistrate judge's questionnaire, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. The court **grants** Plaintiff's Motion to Clarify and Remove the Filing of Second Amended Complaint (Doc. 49). Further, Plaintiff fails to point to controlling law or offer new facts showing that the Report's recommendations are incorrect. Accordingly, the court **grants** grant Defendant Lina T. Ramey and Associates' Second Motion to Dismiss (Doc. 43), and **dismisses with prejudice** Plaintiff's claims and this action against Lina T. Ramey and Associates and William Martinez for failure to state a claim upon which relief may be granted.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district

court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present her factual allegations to the court because she amended her claims twice through the FAC and SAC—even though she contends that she did not want the SAC to replace the FAC—and responded to the magistrate judge's questionnaire. Further, she had the opportunity to object to the Report and provide the court with factual bases for her allegations, which she did. She has failed to present sufficient factual bases for her claims, despite these opportunities to do so, and the court concludes that Plaintiff has stated her "best case." *See Schiller*, 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiff an opportunity to amend her pleading regarding her claims against Defendants Lina T. Ramey and Associates and William Martinez.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v.*

**Order – Page 5**

*King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 17th day of April, 2023.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

Order – Page 6